IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BARHYTE SPECIALTY FOODS, INC., )
an Oregon corporation,         )
                               )
                Plaintiff,     )    Civil No. 07-855-JE
                               )
          v.                   )    OPINION AND ORDER
                               )
ACCUTEK PACKAGING EQUIPMENT,    )
COMPANY, INC., a foreign       )
corporation,                   )
                               )
                Defendant.     )
_____)


        Arden J. Olson
        Jason M. Ayres
        Harrang Long Gary Rudnick P.C.
        1001 S.W. 5th Avenue, 16th Floor
        Portland, OR 97204-1116

            Attorneys for Plaintiff

        Joel A. Parker
        Daniel C. Peterson
        Schwabe, Williamson & Wyatt, P.C.
        1211 S.W. 5th Avenue, Suite 1900
        Portland, OR 97204


1 - OPINION AND ORDER

John H. Donboli
Del Mar Law Group, LLP
322 Eighth Street, Suite 101
Del Mar, CA 92014

　　　Attorneys for Defendant

JELDERKS, Magistrate Judge:

　　　Plaintiff Barhyte Specialty Foods, Inc. (Barhyte), brings this breach of contract action against defendant Accutek Packaging Company, Inc. (Accutek).  Defendant Accutek moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue.  In the alternative, defendant Accutek seeks an order staying this action pending resolution of an action it previously filed against plaintiff Barhyte in the California Superior Court in San Diego, California.  For the reasons set out below, these motions are denied.

## FACTUAL BACKGROUND

　　　Plaintiff Barhyte, an Oregon corporation whose principal place of business is in Pendleton, Oregon, packages and sells various mustard food products.  Defendant Accutek manufactures food processing equipment.  Defendant is not incorporated in Oregon, and has its principal place of business in Vista, California.

　　　According to the declaration of Mike Barhyte, plaintiff's Vice President of Operations, defendant Accutek responded to plaintiff's request for price quotations for bottling equipment, and representatives of the parties met at a trade

2 - OPINION AND ORDER

show.  Plaintiff sent defendant a purchase order dated November 7, 2005, which cited defendant's price quotation dated May 25, 2005, and indicated a purchase price of $229,842.50.  In mid December, 2005, plaintiff sent defendant a deposit in the amount of $68,952.75.  Neither defendant's price quotation nor defendant's purchase order included any terms specifying where venue would lie in the event of any dispute between the parties.

On April 24, 2006, defendant faxed plaintiff an invoice indicating a remaining balance in the amount of $167,871.75 owed on the equipment.  Like the earlier documents, this invoice included no provisions concerning venue in the event of any dispute between the parties concerning the equipment or payment.  According to Mike Barhyte's declaration, on May 1, 2006, plaintiff paid defendant $164,780.75, an amount representing all it owed for the equipment except for $3,686, "which represented a small remaining balance related to shipping."  Mr. Barhyte adds that plaintiff paid the remaining $3,686 it owed defendant in December, 2006, when it reconciled "all invoices and payments with Accutek."

On April 28, 2006, Mr. Barhyte visited defendant's plant to view the operation of certain equipment.  Defendant's assertion that the parties agreed to a binding venue clause is based upon a document that Mr. Barhyte signed that day.  This document, entitled "Customer Acceptance Agreement," consisted of two, two-sided pages.  The front side of the first paper

indicated that it was page "1 of 2," and the front side of the second paper indicated that it was "2 of 2." Nothing on the front of the first or second paper indicated that the back side of the paper included any material. Mike Barhyte signed at the bottom of the front side of the second paper. According to Mr. Barhyte's declaration, the papers were presented to him on a clipboard while he was on the floor of the factory, and he was asked to sign the document confirming that he had seen the equipment. Mr. Barhyte states that he did not see the back of the form and "was unaware that there were any terms on the back of the form."

The back side of both of the papers included a number of identical provisions in very small print. The last of these provisions, entitled "WARRANTY," concludes as follows:

> Statements and/or recommendations not contained in accordance with the laws of the State of California and proceedings for the enforcement of the provisions given herein or recovery of damaged [sic] in the event of breach shall have venue in San Diego County, California.

Identical terms also appear on the reverse side of a document entitled "Accutek Packaging Equipment Companies WARRANTY," which Mr. Barhyte signed and dated June 26, 2006. According to Mr. Barhyte's declaration, this document arrived on June 5, 2006, with the equipment that plaintiff purchased from defendant.

According to Mr. Barhyte's declaration, plaintiff set up the equipment and began testing it on July 20, 2006.

Mr. Barhyte states that plaintiff encountered problems with some of the equipment, and "began negotiating with Accutek to cure the problems with the equipment." He adds that, while attempting to work with defendant to cure the problems, he reviewed all the invoices plaintiff received from defendant, and confirmed that they were "either paid in full or credited in full by Accutek by December 15, 2006," and that plaintiff had received no additional invoices from defendant after it made its last payment.

On May 15, 2007, defendant Accutek filed an action against plaintiff Barhyte in the San Diego County, California Superior Court. In that action, Accutek alleges that Barhyte breached the parties' contract by failing to pay some $40,444.78 owing for "equipment and services which had been provided on credit at their special instance and request."

On June 8, 2007, plaintiff Barhyte filed a complaint in this court alleging that defendant Accutek breached the parties' agreement by providing packaging equipment that did not "conform to the agreement of sale." In this action, plaintiff Barhyte seeks recovery of damages in the amount of $213,515.34.

Barhyte answered Accutek's San Diego, California complaint on July 11, 2007, asserting affirmative defenses and counterclaims alleging that defendant Accutek breached the parties' agreement and breached warranties by failing to provide equipment that functioned as promised. As in the

action it filed here, in the California action Barhyte asserts that it is entitled to damages in the amount of $213,515.34. Barhyte also asserted a claim for sanctions on the grounds that it had paid all sums owed, and alleged that, before the complaint was filed, Accutek had never asserted that it owed additional arguments or sent it "an invoice in the amount of $40,444.84."

## DISCUSSION

As noted above, defendant Accutek seeks an order dismissing or staying this action pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a). Rule 12(b)(3) provides that a party may assert an "improper venue" defense before filing a responsive pleading. Under 28 U.S.C. § 1406(a), the court must either dismiss an action "laying venue in the wrong division or district," or transfer the action "to any district or division in which it could have been brought."

Defendant Accutek contends that the venue provision in the documents noted above is mandatory, and requires that this action be dismissed because venue is proper only in San Diego County, California. Defendant also contends that, even if the venue clause does not provide for exclusive venue in San Diego County, judicial economy and efficiency require that plaintiff Barhyte's action here be dismissed or stayed.

For the reasons set out below, I disagree.

A. Motion to Dismiss Based Upon the Venue Provision

In actions such as this, which are based upon diversity
of the parties' citizenship, the interpretation and
enforcement of forum selection clauses are questions of
federal law.  E.g. Manetti-Farrow, Inc. v. Gucci America,
Inc., 858 F.2d 509, 513 (9th Cir. 1988).  In analyzing a motion
to dismiss for improper venue pursuant to Rule 12(b)(3), the
court must draw all reasonable inferences in favor of the
non-moving party, and must resolve all factual issues in that
party's favor.  Murphy v. Schneider Nat'l, Inc., 362 F.3d
1133, 1138 (9th Cir. 2004).

As plaintiff correctly notes, discovery has not been
taken in this action.  However, the record before the court on
the pending motion at the least casts serious doubts on
defendant's assertion that the forum selection clause at issue
here became part of the parties' agreement.  Accepting
Mr. Barhyte's recitation of facts, as the court must at this
point in the proceedings, the material terms of the parties'
contract had been established before plaintiff was presented
with a document purporting to provide for venue in San Diego
County in the event of a dispute.  According to his
declarations, Mr. Barhyte had not seen a document that
included the venue clause until April 28, 2006, when he was
presented with a "Customer Acceptance Agreement" which showed
only the front side of two pages, marked respectively, "1 of
2" and "2 of 2," and did not indicate that additional material

that included the venue clause was on the reverse side.  These
page notations would not have alerted a reader to the
existence of additional terms on the unnumbered reverse side,
and Mr. Barhyte states that he was unaware of additional
material because the document was presented on a clip board.
By that date, the parties had already exchanged price
quotations and purchase orders that included no venue clause,
and plaintiff had already paid a substantial deposit.
According to Mr. Barhyte's declaration, plaintiff had paid all
except a small amount owing for the shipping by the time
plaintiff received a document including the venue clause when
the equipment was delivered in June, 2006.

    Under the Uniform Commercial Code, which applies to the
parties' transaction, the additional revenue clause in the
document that arrived with the equipment did not become
part of the contract because it constituted a material
alteration to an agreement that was already complete.  See
Or. Rev. Stat. § 72.2070 (2)(c).  Accepting Mr. Barhyte's
recitation of the facts, which is supported by documents in
the record before the court, the parties had concluded a
binding agreement which did not include the venue provision
before plaintiff was presented with a document purporting to
establish venue in San Diego County, California.

    Even if the record before the court established that the
venue clause was incorporated in the parties' agreement,
dismissal of the action would not be appropriate because the

8 - OPINION AND ORDER

clause allows, but does not require, venue in San Diego
County.  Forum selection clauses may be either mandatory or
permissive.  E.g., Docksider, Ltd. v. Sea Technology, Ltd.,
875 F.2d 762, 764 (9th Cir. 1989).  Clauses that specify a
certain venue "with mandatory language" are enforced, and bar
litigation elsewhere.  Id.  Forum selection clauses that are
merely permissive do not bar litigation in other fora where
jurisdiction is proper.  See Hunt Wesson Foods, Inc. v.
Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987).

    A review of relevant decisions in this Circuit supports
only the conclusion that the venue clause at issue here
allows, but does not require, litigation of the parties'
dispute in San Diego County, California.  In Hunt Wesson, the
court concluded that a contractual clause stating that the
courts of a specified county "shall have jurisdiction over the
parties in any action at law relating to" the contract was
"permissive," allowing, but not requiring, that the parties'
contractual dispute be litigated in the specified venue.  Id.
at 76-77.  The Hunt Wesson court held that, though the clause
conferred personal jurisdiction in the specified venue, it was
not mandatory because it did not provide "that the designated
courts are the only ones which have jurisdiction."  Id. at
77-78.  Similarly, in Council of Laborers v. Pittsburg-
Des Moines Steel, 69 F.3d 1034, 1036 (9th Cir. 1995), the
Ninth Circuit construed as permissive and declined to enforce
a venue clause providing that a dispute between the parties

"shall be enforceable . . . in the Superior Court of the City and County of San Francisco, State of California."  The court noted that, in order to qualify as "mandatory, a clause must contain language that clearly designates a forum as the exclusive one." Id. at 1037.

Here, as in those decisions, the venue clause in question does not explicitly restrict venue to a specific court or location.  In the absence of such a restriction, the venue clause is permissive, and the action cannot be dismissed on the grounds that disputes between the parties can be litigated only in San Diego County.

Even if the record established that plaintiff had been aware of the venue clause when the parties concluded their agreement and the clause purported to provide for venue only in San Diego County, I would not enforce the provision because its meaning is unclear.  As noted above, the clause at issue states that:

> Statements and/or recommendations not contained in accordance with the laws of the State of California and proceedings for the enforcement of the provisions given herein or recovery of damaged [sic] in the event of breach shall have venue in San Diego County, California.

This provision surely reflects significant errors in copying or drafting.  The first half of the sentence is nonsense.  The court can discern no reasonable meaning of the phrase "statements and/or recommendations not contained in accordance with the laws of California . . . ."  Though the

10 - OPINION AND ORDER

phrase literally refers to statements whose omission somehow offends California law, I suspect that the drafter intended to indicate that statements included in the warranty would be interpreted in accordance with California law.  However, this phrase is simply incapable of reliable interpretation.  The meaning of the second part of the venue provision is also open to speculation: Read literally, it provides for litigation of the breach of "statements and/or recommendations not contained in accordance with the laws of the State of California," a proposition of dubious meaning.

The venue clause is simply too vague and grammatically and semantically flawed to be enforceable.


B. Motion to Dismiss or Stay Based Upon Other Pending Litigation

Defendant also moves to dismiss or to stay based upon its earlier filing of a related action in San Diego County, California Superior Court.  Defendant contends that a public policy favoring judicial efficiency favors dismissing or staying this litigation pursuant to a "first to file" rule. Defendant acknowledges that this "'rule' is a misnomer in that there is no precise rule" to that effect, and that the "rule" is usually applied "in the context of concurrently pending federal cases."  However, it asserts that "a court will generally decline jurisdiction over an action when a complaint

involving the same parties and issues has already been filed in another jurisdiction."

This argument is not well taken. Though federal courts recognize a policy against multiple parallel actions proceeding in different federal courts, defendant has cited, and I have found, no reported decisions supporting the conclusion that federal courts generally decline to assert jurisdiction based upon the pendency of similar actions in state courts. Instead, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," McClellan v. Carland, 217 U.S. 268, 282 (1910), and federal courts recognize a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976).

Under a judicially created "abstention" doctrine, a few exceptions to this obligation apply where, for example, a pending action in state court requires the resolution of unsettled issues of state law, or where the parties' dispute involves important regulatory concerns. See, e.g., Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941); Burford v. Sun Oil Co., 319 U.S. 316, 327 (1943). Ordinary contract or tort claims generally do not present the kind of exceptional circumstances that favor abstention.

See, e.g., Travelers Indemnity Co. v. Madonna, 914 F.2d 1364, 1369 (9th Cir. 1990).

The parties' commercial dispute pending in this court does not present any of the exceptional circumstances or issues that favor abstention, and there is no principled or precedented basis for staying the action pending resolution of the dispute pending between the parties in California.

## CONCLUSION

Defendant's motion to dismiss or stay this action (#6) is DENIED.

DATED this 28th day August, 2007.

/s/  John Jelderks
John Jelderks
U.S. Magistrate Judge

13 - OPINION AND ORDER